IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

GREG DAVIS           PLAINTIFF

vs.           NO: 3:08CV00051BSM

PINNACLE FRAMES & ACCENTS, INC.,
ET AL.           DEFENDANTS

**ORDER**

This case arises from the termination of plaintiff by defendant Pinnacle Frames after plaintiff allegedly tested positive on a drug test performed by defendants Mid-South Drug Testing Services and Mid-South Drug Testing Services, LLC. Plaintiff brings claims for libel, slander, negligence, false light, breach of duty of confidentiality, and tortious interference with contract or expectancy.

**Motion to Compel of Defendant Mid-South Drug Testing Services, LLC d/b/a Mid-South Drug Testing (Doc. No. 18)**:

Defendant Mid-South Drug Testing Services requested plaintiff to execute a medical authorization and employment authorization. Plaintiff refused and substituted his own authorization. Defendant complains that plaintiff's authorization limits defendant's ability to obtain medical and employment records.

Plaintiff counters that his medical release contains only one actual restriction on obtaining the medical information, that defendant cannot engage in *ex parte* communications with plaintiff's physicians. *See Harlan v. Lewis*, 982 F.2d 1255, 1262-63 (8th Cir. 1993) (under Arkansas law unauthorized *ex parte* communications between defense counsel and

nonparty treating physicians are prohibited).

The court has reviewed the medical releases. While plaintiff's release has a number of additional conditions, he contends that the conditions, such as the requirement that plaintiff be informed which medical records are obtained, that he has the opportunity to get a copy of the records, and that the documents be kept confidential and filed under seal, are designed to protect his privacy rights. The court finds that these conditions are not unduly prejudicial or burdensome to defendant. Thus, the court denies defendant's motion to compel with regard to the medical release and finds that defendant shall use the release prepared and submitted by plaintiff.

The employment releases proposed by the parties are at odds. Defendant's release expressly authorizes any employer to personally visit with defense counsel to discuss plaintiff's employment record and to make available for inspection and copying any records relating to plaintiff's employment. Plaintiff's release contains language that the employer is expressly not authorized to orally discuss plaintiff's employment history or personnel matters with anyone except in the presence of or with written permission from his attorneys. The authorization is also expressly conditioned upon a copy of the records produced being provided to plaintiff's counsel.

Defendant is entitled to obtain the employment records. Furthermore, even plaintiff recognizes that he cannot stop defendant from speaking with the employer. Nevertheless, the release proposed by plaintiff seeks to do just that. The court has reviewed the proposed

releases and finds that the release prepared by defendant shall be used to obtain plaintiff's employment records. Accordingly, the court grants the motion to compel with regard to the employment release and plaintiff is ordered to execute the release prepared by defendant.

**Plaintiff's Motion to Extend Discovery Deadline** (Doc. No. 22) and **Pinnacle Frames & Accents' Motion for Extension of the Deadline for Dispositive Motions** (Doc. No. 25)

Plaintiff asks for a thirty-day extension of the November 3, 2008 discovery deadline in order to obtain drug and DNA testing on plaintiff's urine sample. Defendants object and argue that plaintiff could have had the testing done prior to litigation and certainly during the time provided for discovery. Defendants contend that they will be prejudiced by extending discovery deadline as new witnesses might surface who will need to be deposed. Additionally, defendants claim that extension of discovery will impede their ability to meet the dispositive motions deadline of November 26, 2008.

Alternatively, defendants request that the court limit the scope of plaintiff's discovery and not allow plaintiff to depose anyone who was not identified prior to the previous discovery deadline. Should the court permit plaintiff to test the urine sample, defendants request that they be permitted to depose any witness on this issue.

Defendant Pinnacle Frames and Accents, Inc., has filed a motion for extension of time to file dispositive motions if the court grants plaintiff's motion for extension of the discovery deadline. Defendant asks that the dispositive motions deadline be extended to at least one

week after the discovery deadline. None of the parties object to the request.

The court has considered the requests and arguments. Jury trial is scheduled for January 26, 2009. The motions deadline is November 26, 2008. The court grants plaintiff's motion for extension of discovery. The discovery deadline is extended to December 1, 2008. Additional discovery is limited to the issue of the urine sample testing. The motions deadline is extended to December 12, 2008.

Accordingly, defendant's motion to compel (Doc. No. 18) is granted in part and denied in part; plaintiff's motion for extension of time to complete discovery (Doc. No. 22) is granted; defendant's motion to extend time to file dispositive motions (Doc. No. 25) is granted.

IT IS SO ORDERED this 19th day of November, 2008.

_____
UNITED STATES DISTRICT JUDGE